## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

DAVID HALL, )
)
           Plaintiff, )
)
v. )
)
CNP OKLAHOMA, LLC, )   Case No.  5:24-cv-00141-R
CHICKEN N PICKLE LLC, AND JOHN )
DOE COMPANY, )
)
)
           Defendant. )

## CNP OKLAHOMA, LLC and CHICKEN N PICKLE LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

CNP Oklahoma, LLC and Chicken N Pickle LLC ("CNP" or "CNP") hereby answer or otherwise respond to Plaintiff's Petition (hereafter referred to as "Complaint") as follows:

1.      In July 2022, David Hall ("David") was hired as an assistant kitchen manager by CNP OKLAHOMA, LLC, an Oklahoma Limited Liability Company.

**ANSWER**:  Defendants admit paragraph 1.

2.      CNP OKLAHOMA, LLC, uses an employee handbook published by CHICKEN N PICKLE, LLC.

**ANSWER:**  Defendants deny paragraph 2.

3.      CHICKEN N PICKLE, LLC, provides training, oversight, and capital to CNP OKLAHOMA, LLC.

**ANSWER:**  Defendants deny paragraph 3.

4.      Based on the facts alleged in paragraphs 1-3, the two entities (CNP OKLAHOMA, LLC, and CHICKEN N PICKLE , LLC) are a joint employer/integrated enterprise for the purposes of this case.

**ANSWER**:   Defendants state that paragraph 4 contains a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny paragraph 4.

5.        Because CNP OKLAHOMA, LLC, and CHICKEN N PICKLE, LLC, (collectively "Chicken N Pickle" or "CNP") are a joint employer/integrated entity, David is an employee of both entities.

**ANSWER**:  Defendants deny the legal conclusions of paragraph 5 and deny paragraph 5.

6.        David was hired to work at the Defendants' Oklahoma City location.

**ANSWER**:   Defendants admit Plaintiff was hired to work at the OKC location.

7.        At the time David was hired, the Defendants used the Oklahoma City location as a training store.

**ANSWER**:   Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff means by a "training store" and, therefore, Defendants deny paragraph 7.

8.        However, shortly after David was hired as an assistant kitchen manager, the Oklahoma City store lost its status as a training store because it was chaotic and disorganized. The training programs at the Oklahoma City store then ended.

**ANSWER**:   Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff means by a "training store."  Defendants deny the remaining allegations of paragraph 8 and deny paragraph 8.

9.        In the Fall of 2022, a fellow employee of CNP told David that she was being sexually harassed and sexually assaulted by a CNP manager, Michael Etherington.

**ANSWER**:  Defendants are without information or knowledge sufficient to for a belief as to what an unidentified employee told Plaintiff and, therefore, deny paragraph 9.

10.        David told the CNP employee that she needed to follow the chain of command and

report Michael.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff told an unidentified employee, and, therefore, deny paragraph 10.

11.    David recommended to the CNP employee that she make a written complaint about what was happening to her.

**ANSWER:**  Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff told an unidentified employee, and, therefore, deny paragraph 11.

12.    David was disturbed by what he was seeing and hearing and he reported the assault and harassment to his supervisors.

**ANSWER:**  Defendants deny paragraph 12.

13.    In January 2023, David told Kyra Sleesman ("Kyra"), CNP's Director of Culinary, that he was never fully trained and was not receiving proper training. Kyra told David that she would send him to the Kansas City training store once the Oklahoma City CNP employee who was at the Kansas City store for training returned to the Oklahoma City store.

**ANSWER:**  Defendants deny paragraph 13.

14.    In February 2023, the Oklahoma City CNP employee returned from the Kansas City training store. However, CNP did not send David to Kansas City for training.

**ANSWER:**  Defendants admit only that Plaintiff was not sent to Kansas City for training. Defendants deny the remaining allegations of paragraph 14.

15.    In February 2023, after the Oklahoma City CNP employee returned from the Kansas City training store, David had a performance evaluation with Kyra. The purpose of the performance evaluation was, in part, for salary raises.

**ANSWER:**  Defendants admit only that Plaintiff received a performance evaluation on February 7, 2023.  Defendants deny the remaining allegations of paragraph 15.

16.     Kyra gave David low scores in his performance evaluation.

**ANSWER:**     Defendants admit only that Plaintiff received a performance evaluation which was signed by his supervisor, not Slessman.  The performance review speaks for itself.  Defendants deny the remaining allegations of paragraph 16.

17.     David was not expecting to receive low scores, so he asked Kyra why he received the performance evaluation he did when he was the person responsible for managing and overseeing the private events at CNP. These private events are a substantial source of revenue for CNP.

**ANSWER:**     Defendants are without information or knowledge sufficient to form a belief as to what Plaintiff was "expecting."   Defendants admits private events are a source of revenue, but Plaintiff is employed as the Assistant Kitchen Manager not an Event Coordinator or Event Manager.  Defendants deny the remaining allegations of paragraph 17 and deny paragraph 17.

18.     In response to David's question about his performance evaluation, Kyra told David that CNP was upset with David for how he handled Tiffany's sexual harassment issue. Kyra told David that he should have given the company a heads-up instead of advising Tiffany to report her harassment. Kyra explained to David that he should have called Kyra and told her what was going on instead of advising Tiffany to report her harassment. Additionally, Kyra told David that CNP was upset with David for reporting to other CNP managers that CNP was employing undocumented workers. Kyra concluded her conversation with David by telling him the only reason he was not getting a raise is because of how he handled the Tiffany situation.

**ANSWER:**     Defendants deny paragraph 18.

19.     After David's conversation with Kyra, David went to the general manager of the Oklahoma City CNP, Eli Loya ("Eli"). David talked to Eli about his experience with Kyra. Eli

told David that David needed to talk to human resources because human resources had the power to reverse everything.

**ANSWER:**   Defendants admit only that Mr. Loya is the General Manager of the Oklahoma City facility.  Defendants deny the remaining allegations of paragraph 19.

20.   David called human resources and explained that he was the subject of discrimination as evidenced by CNP not providing complete management training.

**ANSWER:**   Defendants admit only that Plaintiff contacted Human Resources with concerns related to his employment.  Defendants deny the remaining allegations of paragraph 20.

21.   David also informed human resources that he was the subject of retaliation for assisting Tiffany in reporting her sexual harassment/assault.

**ANSWER:**   Defendants admit only that Plaintiff contacted Human Resources with concerns related to his employment which he described as retaliation.  Defendants deny any retaliation and deny the remaining allegations of paragraph 21.

22.   Human resources told David that it would investigate.

**ANSWER:**   Defendants admit paragraph 22.

23.   In a February 15, 2023, email to David, Erica Andrews ("Erica," an employee in CNP's human resources department) told David that "it does appear that Kyra did handle the conversation with you in an unprofessional manner."

**ANSWER:**   Defendants admit that Ms. Andrews conducted an investigation into Plaintiff's concerns and sent an e-mail to Plaintiff on February 15, 2023 and that Paragraph 23 quotes only one phrase from a sentence in the e-mail that begins, "Though we could not confirm all of your allegations, …"  The e-mail speaks for itself.  Defendants deny the remaining allegations of paragraph 23.

24.   Although CNP's human resources department confirmed to David that Kyra acted

inappropriately, David was never given a raise or allowed to go to Kansas City to complete his training (as promised).

**ANSWER:**    Defendants admit only that Plaintiff quotes one phrase from a sentence in an e-mail that begins, "Though we could not confirm all of your allegations, …."   The e-mail speaks for itself.   Defendants deny that Plaintiff was not properly trained and deny the remaining allegations of paragraph 24.

25.    David has been employed at CNP for more than a year.

**ANSWER:**    Defendants admit paragraph 25.

26.    David has exhausted his administrative remedies by timely filing an EEOC charge of discrimination. The EEOC issued David's right to sue letter on September 15, 2023, and David received it thereafter. This Petition is timely filed within ninety days of David's receipt of his right to sue letter.

**ANSWER:**    Defendants admit only that the EEOC issued a right to sue letter on September 15, 2023 upon Plaintiff's request and without completing an investigation and that the EEOC letter states in part, "The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed."  The remainder of paragraph 26 states a legal conclusion to which no response is required.   Defendants deny that Plaintiff exhausted his administrative remedies and deny the remaining allegations of paragraph 26.

## COUNT 1: RACE DISCRIMINATION

27.    David, as a black man, is a member of a racial group that is protected under the law against discrimination.

**ANSWER:**    Defendants admit that Plaintiff is a black male.  The remainder of paragraph 27 states a legal conclusion to which no response is required.

28.     David is (and, at all pertinent times, was) qualified for his job.

**ANSWER:**   Defendants admit that Plaintiff was hired and is currently employed as Assistant Kitchen Manager.  Defendants state that "qualified for his job" also is a legal conclusion to which no response is required.

29.     Despite David's 35 years of work history and more than a year of employment with CNP, David has not received all the training he needs to continue to be promoted. David was promised this training numerous times, but CNP has failed to complete all of David's training.

**ANSWER:**   Defendants deny paragraph 29.

30.     David would have completed his mandatory training and received the promised additional management training, but for CNP's refusal to grant the training.

**ANSWER:**   Defendants deny paragraph 30.

31.     CNP refused to grant additional training because CNP was retaliating against David for his actions described above.

**ANSWER:**   Defendants state that paragraph 31 contains a legal conclusion.  Defendants deny any retaliation and deny paragraph 31.

32.     CNP refused to grant additional training because CNP has a preference to employ Hispanic, undocumented immigrants, for lower compensation.

**ANSWER:**   Defendants deny paragraph 32.

33.     Kyra has commented that she would not hire another black employee, demonstrating a clear animus towards black employees.

**ANSWER:**   Defendants deny paragraph 33.

34.     David is the only manager at CNP Oklahoma City who has not received all the foundational training.

**ANSWER:**   Defendants deny paragraph 34.

35.     David is also the only black manager at the Oklahoma City CNP.

**ANSWER:**   Defendants deny paragraph 35.

36.     Racial discrimination violates Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

**ANSWER:**   Defendants state that paragraph 36 purports to summarize applicable law. Defendants deny any unlawful discrimination and deny any implied assertions of paragraph 36.

37.     Under this Count, David is entitled to emotional distress/dignitary harm damages, and damages for wage loss associated with David's incomplete/improper training including front pay and back pay.

**ANSWER:**   Defendants deny paragraph 37.

38.     For this Count, David demands compensatory damages in excess of $75,000.00.

**ANSWER:**   Defendants deny that Plaintiff is entitled to any relief and deny paragraph 38.

39.     Because the Defendants' conduct was willful, or at least, in reckless disregard of David's rights, David is entitled to an award of punitive damages.

**ANSWER:**   Defendants deny that Plaintiff is entitled to any relief and deny paragraph 39.

40.     David is also entitled to a declaratory judgment that Defendants violated Title VII and the Oklahoma Anti-Discrimination Act.

**ANSWER:**   Defendants deny paragraph 40.

41.     David is entitled to attorney fees and costs.

**ANSWER:**   Defendants deny paragraph 41.

## COUNT 2: RETALIATION

42.     David engaged in a protected employee action when he advised Tiffany to report to CNP that she was being sexually harassed and sexually assaulted.

**ANSWER:**   Defendants deny the legal conclusions of paragraph 42 and deny paragraph 42.

43.    After learning that David was helping Tiffany report her sexual harassment/assault, CNP engaged in an adverse employment action by never completing David's training despite promising that it would.

**ANSWER:**    Defendants deny the legal conclusions of paragraph 42 and deny paragraph 42.

44.    CNP's refusal to complete David's training was done for the purpose of manufacturing an excuse or justification for not promoting him.

**ANSWER:**    Defendants deny paragraph 44.

45.    After learning that David was helping Tiffany report her sexual harassment/assault, CNP engaged in an adverse employment action by giving him low scores in his performance evaluation. CNP further engaged in an adverse employment action by refusing to give David a raise.

**ANSWER:**    Defendants deny the legal conclusions of paragraph 45 and deny paragraph 45.

46.    A causal connection exists between the adverse employment actions and David assisting Tiffany because Kyra told David it was because he (David) was not looking out for CNP when he helped Tiffany report her sexual harassment/assault that he was not getting a raise.

**ANSWER:**    Defendants deny the legal conclusions of paragraph 46 and deny paragraph 46.

47.    After learning that David was asking questions about whether it was permissible for CNP to hire undocumented workers/illegal immigrants, CNP engaged in an adverse employment action by never completing David's training despite promising that it would.

**ANSWER:**    Defendants deny the legal conclusions contained in paragraph 47 and deny paragraph 47.

48.    After learning that David was asking questions about whether it was permissible for CNP to hire undocumented workers/illegal immigrants, CNP engaged in an adverse employment action by giving him low scores in his performance evaluation. CNP further engaged

in an adverse employment action by refusing to give David a raise.

**ANSWER:**   Defendants deny the legal conclusions contained paragraph 48 and deny

paragraph 49.

49.    A causal connection exists between the adverse employment action and David

asking questions about undocumented workers and reporting to several managers that workers had

disclosed to David that they were here illegally and were being housed by CNP because Kyra told

David that CNP was upset with David for reporting information about the undocumented workers

to other CNP managers.

**ANSWER:**   Defendants deny the legal conclusions contained in paragraph 49 and deny

paragraph 49.

50.    Retaliation violates Title VII of the Civil Rights Act and the Oklahoma Anti-

Discrimination Act.

**ANSWER:**   Defendants state that paragraph 50 purports to summary applicable law.

Defendants deny any retaliation or implied assertions of paragraph 50.

51.    Under this Count, David is entitled to his wage loss (the wages he would have

earned if his raise was not unlawfully withheld), front pay, back pay, and emotional

distress/dignitary harm damages.

**ANSWER:**   Defendants deny that Plaintiff is entitled to any relief and deny paragraph 51.

52.    For this Count, David demands compensatory damages in excess of $75,000.00.

**ANSWER:**   Defendants deny that Plaintiff is entitled to any relief and deny paragraph 52.

53.    Because the Defendants' conduct was willful or, at least, in reckless disregard of

David's rights, David is entitled to an award of punitive damages.

**ANSWER:**   Defendants deny the legal conclusions of paragraph 53 and deny paragraph 53.

54.    David is also entitled to a declaratory judgment that Defendants violated Title VII

of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

**ANSWER:**   Defendants deny the legal conclusions of paragraph 54 and deny paragraph 54.

55.     David is also entitled to attorney fees and costs.

**ANSWER:**   Defendants deny paragraph 55.

## AFFIRMATIVE DEFENSES

1.     Defendants deny each and every allegation, count, claim and prayer of the Petition or Complaint which is not expressly and specifically admitted.

2.     Plaintiff is not entitled to the relief requested as a matter of law or fact.  Plaintiff is currently employed by CNP and some or all of the allegations of the Petition or Complaint are made in bad faith, entitling Defendants to an award of fees and expenses.

3.     Plaintiff's claims are barred because any employment decisions related to Plaintiff were not based on any protected characteristic or alleged protected activity, but were made for independent, legitimate, non-discriminatory and non-retaliatory business reasons.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations because certain of Plaintiff's claims or allegations were not the subject of a timely-filed charge with the Equal Employment Opportunity Commission or are outside the scope of the charge Plaintiff filed.  Plaintiff has not complied with the statutory and procedural requirements under Title VII or the Oklahoma Anti-Discrimination Act by exhausting administrative remedies as to the claims he asserts in the Complaint.  Plaintiff's claims are further barred, in whole or in part, to the extent that the claims asserted by Plaintiff exceed the scope of, or are not like or related to, the allegations made in the administrative charge filed by Plaintiff because Plaintiff alleges conduct which was not identified in his Charge and Plaintiff requested that the administrative agency end its processing of the Charge prior to any investigation.

5.      Plaintiff's claims are barred, in whole or part, to the extent that Plaintiff unreasonably failed to take advantage of the opportunities provided by Defendants to report, prevent, correct, or avoid any alleged discriminatory behavior.  For this reason, Defendants did not know, should not have known, and did not acquiesce in any alleged discriminatory or harassing conduct.  To the extent any such conduct was brought to Defendants' attention, Defendants took prompt, appropriate corrective action.

6.      Plaintiff's claims for damages are barred because of Defendants good faith efforts to comply with applicable law, its good-faith efforts to prevent discrimination as evidenced by CNP's policies and other efforts, and because CNP acted at all times in good faith with respect to Plaintiff.

7.      Plaintiff's claims for punitive damages are barred by the United States and Oklahoma Constitutions because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, to equal protection of law, to the right to be free from the unlawful taking of property, the right to be free of excessive fines and all other substantive and procedural protection of the Constitution applicable to punitive damages.

8.      Defendants reserve the right to assert each and every other affirmative defense which is identified during further proceedings.

WHEREFORE, having fully answered, Defendants CNP Oklahoma, LLC and Chicken N Pickle LLC, pray that the Court enter judgment in favor, for its costs, for its reasonable attorneys' fees, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/B. Gore Gaines
B. Gore Gaines, OBA #16500
LYTLE SOULÉ & FELTY, P.C.
1200 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-7471
Facsimile: (405) 232-3852
Email: gaines@lylesoule.com

J. Randall Coffey (Admitted W.D. Okla.)
FISHER & PHILLIP LLP
4622 Pennsylvania Ave., Suite 910
Kansas City, Missouri 64112
Phone: (816) 842-8770
Fax: (816) 842-8767
Email: rcoffey@fisherphillips.com

ATTORNEY FOR DEFENDANT
CNP OKLAHOMA, LLC AND CHICKEN
N PICKLE, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 23rd day of February, 2024, the foregoing was filed via the Court's Electronic Filing System and service made via the same, to:

J. Brett Agee
Jacob Yturri
GARVIN AGEE CARLTON, P.C.
P.O. Box 10
Pauls Valley, OK 73075
Brett.agee@gaclawyers.com
Jacob.yturri@gaclawyers.com


 /s/B. Gore Gaines
Attorneys for Defendants